

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREEDOM FOUNDATION, a Washington State Nonprofit Corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES, a Washington government agency; HEATHER NORMOYLE, in her official capacity; ELIZABETH SMITH, in her official capacity, <br><br> Defendants-Appellees. | No.   21-35342 <br><br> D.C. No. 3:19-cv-05937-BJR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted February 10, 2022
Seattle, Washington

Before:  BYBEE, BEA, and CHRISTEN, Circuit Judges.

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Freedom Foundation's canvassers were ejected from the second-floor terrace in the Washington Department of Labor and Industries' (L&I's) Tumwater Headquarters on June 27, 2019 pursuant to L&I's Policy 5.04. Under the policy, outside groups wishing to use the space for an event must make a request in writing and the event must not conflict with a previously scheduled activity. Freedom Foundation sued, arguing that Policy 5.04 violates its First Amendment free speech rights. The district court granted summary judgment to L&I. We affirm.

The parties disagree about whether the second-floor terrace is a designated or a nonpublic forum. We need not decide the category of the forum because Freedom Foundation's First Amendment claim would fail even under the more exacting test for restrictions on forum access. If, as Freedom Foundation argues, the second-floor terrace is a designated public forum, Policy 5.04's scheduling requirement is permissible if it is a reasonable time, place, and manner restriction. *See Kaahumanu v. Hawaii*, 682 F.3d 789, 802–03 (9th Cir. 2012). "Such restrictions are constitutionally valid if they are (1) content-neutral, (2) narrowly tailored to serve a significant governmental interest, and (3) leave open 'ample alternatives for communication.'" *United States v. Griefen*, 200 F.3d 1256, 1260 (9th Cir. 2000) (quoting *United States v. Linick*, 195 F.3d 538, 543 (9th Cir.

1999)). First, Policy 5.04's scheduling requirement is content neutral because it "serves purposes unrelated to the content of expression." *See Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). The object of the scheduling requirement is not to exclude speech of a particular content, but to minimize conflicting uses in limited space and to avoid interference with agency business. *See Kaahumanu*, 682 F.3d at 803. Second, Policy 5.04 is narrowly tailored to further this compelling interest because it requires an applicant to request the space in advance by submitting a facility use application and allows L&I to deny an application if it conflicts with a previously scheduled activity or would interfere with agency business. Finally, the policy leaves open ample alternatives for communication—Freedom Foundation, like other outside groups, could have secured permission to use the second-floor terrace at a different time had it submitted a request to reserve the space for a time when no other activity was previously scheduled for the space.

Freedom Foundation also argues that Policy 5.04 is an unconstitutional prior restraint because L&I's failure to define "use," "event," and "activity" grants decision makers unbridled discretion. This argument is unavailing. "[U]ncertainty at a [policy's] margins will not warrant facial invalidation if it is clear what the [policy] proscribes 'in the vast majority of its intended applications.'" *Gospel*

*Missions of Am., a Religious Corp. v. City of Los Angeles*, 419 F.3d 1042, 1047

(9th Cir. 2005) (quoting *Cal. Tchrs. Ass'n v. State Bd. of Educ.*, 271 F.3d 1141,

1151 (9th Cir. 2001)).

**AFFIRMED.**